Okay, Matthew Kennedy versus the city of Chicago 1210492. Our basic procedure is. First, I'll introduce Cynthia cab. David Ellis and myself James Fitzgerald Smith. Procedurally, we let the appellant go first for 10 or 15 minutes, and then we ask questions we normally don't interrupt, unless you get way off the target. Then the appellee follows in, they have their opportunity and then we ask questions. And then there's the closing. And with that, you may go ahead. Thank you, Your Honor. My name is Mark Roth, I'm going to try and keep my comments within our 10 or 15 minutes here. So this court this case is here on the trial courts entry of a motion to dismiss on the basis that plaintiffs lack standing to maintain the action. The standard of review before this court is de novo, and only if there are no set of facts that could be proven a trial. Can the trial courts decision be upheld here at the very minimum. There are questions of fact to be determined, and since both parties file jury demands. Those questions of fact should be decided by a jury, the case was improperly dismissed, and we're seeking reversal of the trial courts order and remanding back to the trial court. So the facts are very simple. As we allege in our complaint, there are two types of automated traffic tickets, there's red light camera tickets, and their speed camera tickets. Both the red light camera tickets and speed camera tickets have certain requirements that shall be contained in the violation notices. And the trial court agreed with our position and rule that those requirements are mandatory. Because of language in the city of Chicago's municipal code, providing that the term shall is mandatory in the mandatory directory dichotomy. So our complaint attaches copies of the city's red light camera tickets and the city speed camera tickets. The speed camera tickets strictly comply with the mandatory notice requirements. We set forth the exact language required by the city's code, and that the city speed camera tickets contain the exact precise language required by the code. Therefore, as we allege in our complaint, the city certainly knows and understands the specific language that's required to meet its own city code, and further, the language in the speed camera tickets is evidence of how a reasonable person would interpret what is required by the mandatory language of the city of Chicago's code. The red light camera tickets, in contrast, fail to contain the required language in two important respects, which I'm going to discuss. But because the tickets fail to contain those mandatory required language elements, the tickets are void under well-established law. So as an initial matter, I want to talk about the mandatory aspect of the ticket. So the trial court correctly ruled that the city of Chicago's municipal code expressly requires that the language that must be included in every red light camera violation notice and any speed camera violation notice is mandatory. So Illinois has enacted a red light camera act and a speed camera act, and those statutes contain 10 elements of required information as to each particular speed camera, red light camera ticket. The city of Chicago ordinance specifically states that all of those requirements shall, they use the term shall, be included on each red light camera ticket issued by the city. So if you take a look at the city's own code on how to properly interpret the code, section 1-4-100 of the city code provides that the word shall is interpreted as mandatory. It expressly says, quote, except as otherwise explicitly provided by the code, the word shall, as used in the code, is mandatory. And there are numerous first district appellate court opinion directly on point in which the court, this very court, held that shall in the code is mandatory, not directory. And those cases are cited in our briefs, Puss in Boots v. Mayor's License Commission, City of Chicago v. Cotton, in which the first district court expressly held, quote, the use of the word shall in the Chicago municipal code is mandatory, not directory. Again, the city of Chicago v. Elevated Properties, this first district court held, quote, under the plain language of the code, no further discretion is invested in an enforcing court. The use of the word shall in the Chicago municipal code is mandatory, not directory. So because these elements are required and are mandatory, strict compliance with the code is required. And the case that's dispositive on that point is the Illinois Supreme Court's opinion in Andrews v. Foxwood. The Supreme Court in Andrews held that a government's action that does not strictly comply with a mandatory statute or ordinance designed to protect a citizen's rights or property renders the underlying governmental action void and of no effect. And here are the mandatory notice provisions are designed to protect the citizen's rights when they receive a ticket. They're designed to protect their property, namely the penalty that the person has to pay. We cited another Illinois Supreme Court case on this very same proposition. We've also cited the first district case of Orr v. Prairie Material Services, in which again the first district court held these notice provisions are designed for the benefit of citizens, and to protect their property from sacrifice. We conclude that the provisions of section 263 are mandatory requirements, which must be strictly complied with. Now the trial court in the city want to rely on a third district appellate court opinion in Fehrenbacher, which found under certain circumstances substantial compliance with a mandatory statute may be appropriate. But first of all, Fehrenbacher is a third district case, has no applicability or binding on this court. It's directly contrary to Illinois Supreme Court precedent, namely the Andrews case. It's directly contrary to first district precedent. Fehrenbacher never even analyzed the mandatory directory dichotomy here. And in Fehrenbacher, the language that was required to be provided in the statute was in fact provided in the notice. Further, after Fehrenbacher was decided, the second district decided Shultz v. Performance Lighting. And in the Shultz case, once again, the second district followed Illinois Supreme Court precedent. It followed first district precedent. And it held that if there's a mandatory statute that's penal in nature, strict compliance is required. And that's what we have here. And there's no strict compliance. So I want to talk about why there's no strict compliance and why substantial compliance doesn't apply. So, the city's red light camera violation notices do not contain two things that are required by the city's code. First of all, under the city's code, subsection eight requires a statement that recorded images are evidence of a violation of a red light signal and a warning that the failure to pay or contest liability is an admission of liability. So if you take a look at the speed camera tickets, for example, which we cite in our complaint, and we attach and refer to, each ticket contains the exact required language. The speed camera tickets specifically mimic the express language found in sections eight and nine. In the speed camera tickets, you find a statement that the recorded images are evidence of a violation. In the speed camera tickets, you find a statement that the failure to contest liability is an admission of liability. Not so with the red light camera tickets. They don't contain the language required by the city code. Instead, what the city does is they attempt to cobble together snippets from the front and back of the ticket to say that it complies with the act. So, just to break down what's required. As an initial matter, what is required is a statement under section eight and a warning under section nine. So we know that when we have the word a followed by a countable noun. That means one simple grammar, and for that we cited the US Supreme Court case in New Shabbat versus Garland, where the US Supreme Court held that where you have the word a followed by a countable noun. In that case, they were dealing with a requirement for a notice. It means one notice. So here, under the law, a statement means one statement, a warning means one more. And even the city admits that they don't have a statement or a warning to comply with the city code. So instead what the city does it combines multiple parts of the front and back of the ticket and attempt to show compliance but the US Supreme Court has ruled that you precisely cannot do what the trial court did and what the city's trying to do here, which is to according to the Supreme Court quote take mismatches of pieces with some assembly required to circumvent clear mandatory language requiring a notice a statement, a warning. Further the tickets don't have a statement that the recorded images are evidence of a violation of a red light. Nor did a ticket state that failing to contest liability is an admission of liability. There's no strict compliance, the tickets are void. We contend that substantial compliance is not the appropriate standard. Even if it was, there's no substantial compliance. Furthermore, that's a question of fact as to how a reasonable person would interpret the language and the red light camera tickets, particularly in light of the city's speed camera. Here, the plaintiff, and the city both filed jury. So that's a question of fact for the jury to decide, not a judge on a motion to dismiss. So what's the purpose of section eight. It's fulfilled by a clear concise statement that the recorded images are evidence of a violation, because the very concept that the city can use those images without calling a witness to introduce the images into evidence is contrary to established law. Generally, in order to get a photograph in evidence you have to call a witness who's going to have personal knowledge of what's depicted in the photograph and testify that the images are fair and accurate representations of the subject matter at whatever relevant time the photo was taken and admitting an image or photograph and evidence is discretionary with the trial court. The required language and section eight turns those concepts, their head, no language and the red light camera notices fulfills that purpose. And furthermore, there's no substantial compliance with section nine, which requires a warning that failure to pay a civil penalty or contest liability is an admission of liability. Once again, the trial court took a hodgepodge of sentences in the violation notices to find that the city substantially complied, which is contrary to the law and admission of liability is, is a distinct concept, it's where a person admits fault admission of liability is an admission against interest. The entire concept of an admission of liability is separate and distinct from stating, and as a city does and the tickets, a determination will be entered against. So the language in the city's red light camera notices does not fulfill the purpose of the code requiring that a person receive a warning that a failure to pay pay or contest is an admission of liability. And again, the court doesn't reach this issue, but there is prejudice prejudice is inherent when a governing body creates a statute or ordinance designed to protect the citizens rights or property. And it requires certain mandatory language to be included. If proper notice is not provided then the prejudice is included so here the prejudice is in receiving a ticket that does not contain the information the city deems necessary to properly protect the city's rights prejudice is present because a reasonable person would not have sufficient information to decide whether or how to contest the ticket would not know that the ticket is going to be used as evidence in the proceeding without calling a witness it's whether in deciding to pay or not pay to contest the ticket a reasonable person is not going to know that if you don't pay the ticket, it's an admission of liability, which is a specific legal term. So, I want to briefly touch on administrative exhaustion. Start moving you're running out of time, I'm sorry I'm sorry your honor so administrative exhaustion doesn't apply. We have the magic versus city of Chicago case with this first district court decided, it provides that there's various exceptions to administrative exhaustion, where there's no issues of fact presented agency expertise is not involved with the agency's jurisdiction is attacked because it's not authorized by statute. And we're statutory and case law interpretation are concerned, that's for the province of the court, not the administrative agency, and furthermore, here we have a plane of Kennedy, who, who, in his administrative law hearings, raise the precise issues in this proceeding. And that's uncontradicted and well established law provides administrative exhaustion does not apply when an ALJ cannot consider the issue, and they can't consider the issue here because they're constrained by the city of Chicago ordinance as to what they can consider. Finally administrative exhaustion doesn't apply because there's no exclusive jurisdiction here. The only legislature preempted home rule authority with respect to red light and speed camera tickets and it provides that a court and administrative law judge, or by mail is how you can adjudicate your tickets. And here there's no express preemption of requiring administrative exhaustion. So for those reasons we're asking for the trial courts opinion to be reversed. Questions. I'm not hearing anything. No, I think Justice cobs are you. I was trying to unmute myself. Please go ahead. I'm looking at the end nobody. I know I'm scrambling to get the cursor on the right arrow there. So, I want to actually begin where you in that Mr Roth, and it is with the exhaustion issue. Earlier if I understood in your argument, you stated that dismissal on the pleadings was improper because there were questions of fact that needed to be decided. Doesn't that then require you to exhaust administrative remedies and to have this matter heard in the first instance before an administrative body. No, Your Honor. So, well, so, under the city of Chicago's ordinance, the only thing that an ALJ there's three things that an ALJ can consider whether the operator was already issued a traffic citation, whether the vehicle pass through on a right of way to yield to an emergency vehicle, or whether the facts alleged in the violation notices, do not support a finding that the person ran the red light. Those are the only three circumstances that an ALJ the only three facts and an ALJ can consider the administrative law judge cannot consider the issues in this case. It can't do it under under this own city of Chicago's code and in fact, my client Matthew Kennedy, who is the lead plaintiff here, raise those very issues before the ALJ on both tickets and both administrative law judges two separate larger that said, we can't consider that we can't consider that. And so the question of fact that I was talking about I just want to be very clear as again, I don't think that the court ever gets to substantial compliance, but the only the question of fact would be if the compliance that is what how would a reasonable person interpret these red light camera tickets, and one significant piece of evidence is to look at how the city of Chicago treats speed camera tickets, so there's required elements of notice that the speed camera tickets expressly provide, but the red light camera tickets, do not. So the city of Chicago, they want to gloss over this point they've never in their briefs or in their arguments want to talk about the speed camera ticket, but the speed camera tickets are alleged in the complaint they're part of the complaint, they're attached to the complaint. So evidence of how a reasonable person is going to require going to interpret these mandatory notice requirements. One has to look and can look to how the city of Chicago treats speed camera. So the question of fact is not one appropriate for it. The question of fact is only appropriate for at the end of the day the jury because both parties file jury demands as to how a reasonable person would interpret these mandatory notice requirements. I hope I answered your question. You did. And then you mentioned, or you are you that the city can't cobble together information on one document, and then suggest that that supports compliance with the notice provision. How are we to perceive the front portion and the back portion of a single document that's been sent to someone who is allegedly violated this ordinance, we are we to ignore that, are we to presume that that is not part of the notice. No, it absolutely is part of the notice and you are to analyze both the front and the back of the notice because that's the complete notice but what I'm saying here is that nowhere in in the on the front or the back, does it contain a statement that the What the city's doing is they're taking a bunch of snippets, and they're doing exactly what the United States Supreme Court said you can't do. And that is to take a mismatch of things and cobble them together to arrive at what you claim is compliance because again here, the standard is strict compliance they hit they don't strictly comply. And even then they don't even comply with the terms of the app. So once again, I want to make sure I answered your question. You did I just want to be clear so a reasonable person getting this document in the mail, a photograph of their vehicle passing through an intersection would not presume that there was a violation, a reasonable person wouldn't presume they violated an ordinance. Well reasonable person would never presume that somehow that is, that is going to be used as evidence without calling a witness for example, in a proceeding, and I must, I must say, you know, I received a not a city of Chicago red light camera ticket but my as a lawyer, I would, I would believe that the ticket would never be admissible, unless you establish a foundation for the ticket there's nowhere on the city of Chicago's tickets where they say, this is evidence of a violation, it's not there. No matter what language they try and cobble together. And so that when you went into court and and the city attempted to have this document admitted, you would object, and you would object on the basis of foundation, and they would simply present a foundation and the document would be presented. But I don't know how they present the foundation. I don't need that. If you get a ticket right if you get someone pulls you up, police officer pulls you over, and you receive a ticket the police officers in court, they lay a foundation for the ticket, just like anybody would in any proceeding you know I could lay the foundation now but you understand my point and that is none of the information is contained in the city's ticket red light camera ticket but yet it is they know what they know what it takes to comply, the city knows what it takes to comply, because they do it in the speed cameras, they don't do it here. Thank you. So, Mr Roth, good morning. First of all, morning. The language from that subsection in the municipal code I guess it's subsection eight. It says the recorded images are evidence of a violation of a red light signal. They are evidence of a violation. Right. It doesn't say this will be evidence that will be admitted at a hearing against you. It doesn't say it's prima facie proof that you must read but it says nothing of the kind. It just says it's evidence of a violation, it's just saying we have reason to believe that you violated a red light signal. And here's the photograph. Isn't that all that's really saying, well, but are you using evidence in too technical of a way. I mean, I don't believe so because the tickets that unfortunately under the law that tickets come into evidence without a foundation so the, the intent behind what is being said here is that that these are evidence that is going to be used in the violation hearing because again, when you go, but it doesn't say that it just says it's evident we have evidence of a crime and here's the photo that shows it. It doesn't it doesn't talk at all about what's going to be admitted at a hearing. Well, we have reason to believe we have evidence. It's using evidence in the more colloquial way right it's not the, the technical term of you know we're going to comply with rules of evidence or relaxed administrative version thereof, it's just saying we have reason to believe you committed a crime. Isn't that all that they're required to say there. Well, I mean, sure they could mimic the language, we wouldn't be here if they had, but, but isn't that all that saying, and I mean I certainly understand and appreciate your position I respectfully I don't agree I think it goes a little farther like one step beyond that and saying in trying to impart to someone that this is going to be evidence, because again, otherwise how would anyone know when they go to a hearing that this photograph of your car going through a red light for example is going to be introduced into evidence. So I certainly understand what you're saying, but I would expect that a reasonable person would expect this, this photo to be put into evidence. But right now we're talking about did the notice comply with the statute, and the notice. The statute says you have to tell them that we've got these recorded images that we believe are evidence of a violation. And you have to give them the image and so the here's the image in here and here's our statement that based on this image we think you violated the law. I mean, it seems to me that's all that's really saying and I don't think you're claiming the notice doesn't say that. No, I agree. Well, so the, the notice though actually says the red light violation is a photographic record contained by a traffic control device. It also says this ticket was issued because a red light camera recorded your vehicle proceeding into an intersection in violation of a traffic signal. The same thing is saying these recorded images are evidence of a violation. Well I don't know I don't believe they are because of evidence so I think evidence has a particular connotation to a reasonable person so I mean I mean I guess this, you know, certainly I understand competing views, and I understand that but the gets back to the question of whether there was substantial compliance or not, it was certainly not in my mind strict compliance, but that's the to me that sounds like a question for the jury we're only here on a motion to dismiss this now can I interrupt you there that's another thing I wanted to ask you about so you your position is that how a reasonable person would interpret this notice is a question of fact for a jury. Yes, because only if there's no reasonable person would able would be able to interpret these tickets in any other way. Would it not be a question of fact so I think generally, but isn't isn't that what judges do every day is a question of law, we interpret documents it could be a statute, it could be a contract. We're supposed to look at this notice and decide how would a person reasonably read this judges do that every day is a question of law. How is that a question. Is there any case that you've ever seen that would suggest that the interpretation of a document how a reasonable person would read a document is a question of fact. Well, I don't have the cases with me but certainly there's my line there's two levels of it there's, there's, if no reasonable person could ever interpret it in the way that a party's interpreting it, that's a question of law. Yeah, no question about it. But if reasonable people could differ on the interpretation of it I believe that's it, that's actually a question of fact, well but that's that's what we do if we get to ambiguity, but that's also a judicial determination is an ambiguous or isn't it, how would a reasonable person read it, these are all legal questions aren't they. Well, in this case, in my mind it's ambiguous right I mean it doesn't say anything about evidence in nowhere in the, in the ticket whatsoever is the word evidence use. And I'm saying that, from our perspective, that evidence is a central term, it's, and it's a term of art, and it's a question as to, there's no substantial compliance. Again, if you get to, there's no strict compliance if you get to substantial compliance. Again, I understand that yes, of course judges interpret documents all the time. And if there are ambiguities in the document. Then, and our questions of fact about those ambiguities in my mind it's a it's a question for the trier effect and here, you know, both we filed a jury demand they filed a jury demand. No, I understand. That's our. The statute does not require verbatim language so does it can we agree on that. It does not say verbatim language. Okay. So any further questions. Okay, the city. May it please record. Can you hear me on behalf of the city plan is challenged to the tickets they receive for red light violations fails and it fails for independent reasons, any one of which would provide the court with the basis to affirm the circuit courts judgment. First and most, basically, there is nothing wrong with the language on the tickets they contain all of the information that the vehicle code requires. Second, the city only needed to substantially comply with the provisions of the vehicle code, which it clearly did here. Third, the provisions in the vehicle code our directory. And what that means is that failing to comply with them would not automatically void the administrative decisions on plaintiffs tickets rather plaintiffs would have to make a showing of prejudice. And they don't even attempt to do that here, they just say prejudices assumed. And then finally plaintiffs only argument is that their tickets are void at an issue. As we've explained there isn't a basis for avoidance claim here, the administrative decisions on the tickets are not void, they're avoidable on direct review, which plaintiffs did not pursue. So again there's four separate affirm the court needs only one and so I'd like to begin with the most simple basis to resolve this case, which is the language of the tickets. So plaintiff points to subsection to a D to a point 68 of the red light camera act, it states notices should contain a statement that recorded images or evidence of violation of a red light signal or notices contain that information. As I think the court has already noted they contain a photo they explain here is a photographic record of a red light violation. They, they clearly state a camera recorded your vehicle proceeding into an intersection and violation of a traffic signal. So that is conveying, obviously that this photographic record evidence is a red light violation, and there is no substantive difference between the language in the vehicle code. And what our tickets state, and as to section subsection D nine, a warning that failure to pay or contest liability in a timely manner. Is it a mission of liability and may result in a substantial suspension of driving privileges. The notices also contain that information. They explain multiple times that if you do not pay or contest the ticket, a determination will be entered against you, you no longer have an opportunity to concede to contest liability, the city will conclude that that you have violated the ordinance. And that also explains that after five or more violations, the city will seek the suspension of your driving privileges. So, tickets, they contain the information included in the subsections of the vehicle code. They actually include more detailed information, and we submit use language that's more accessible to a layperson. Then the code language. Then the specific language in the code. And for that reason, that is basis for the court to affirm the circuit court judgment. We could stop there. But I do want to have to make a few more explain a few more grounds to affirm. Oh, but but first, Justice Ellis was discussing the whether this is a question of law or a question for the jury and I wanted to give you a case on that. So substantial compliance is a question of law that the court reviews de novo, as I think you've already noted, but a case for that would be people versus pike. That's 2016 ill at first 122626. So that is certainly not something that has to go to a jury, whether the question is whether the city complied or whether it's substantially complied. As you've already noted, there's no verbatim requirement in the vehicle code. We did explain in our brief on page 45 that the General Assembly knows how to make verbatim requirements and has done so fairly often. It certainly didn't do that here. And I would point out that the the General Assembly passed the red light camera act three years after the city started issuing these tickets and so it knew about the city's practices. If it had wanted to find some fault in the way the city was issuing its notices it certainly could have included some requirement for different language, but it didn't. That also explains to why the language in our red light camera tickets is different than the specific language in the vehicle code. That's simply because we started issuing the tickets in 2003 The red light camera act is enacted in 2006 and is meant to actually extend this would have been a successful practice by the city and allow other municipalities to do it. So far from the General Assembly disagreeing with it, criticizing the way that the city was doing its tickets, it actually wanted to allow other municipalities to have the same kind of practice. And so that's an explanation of why the speed camera and later tickets use different language. They were created after the statute was enacted. Our tickets are older and when we then when the red light camera act was enacted. It was clear that the existing language on our tickets wasn't compliance. And so this isn't any kind of guilty knowledge that we're doing something wrong. Rather, when we looked at our tickets, we saw there was no need to change the language because they were in full compliance with the statute. We didn't fix them because nothing was broken. Let me talk a little bit about substantial compliance. The Third Circuit offers a good explanation of that standard in Fehrenbacher. It explains that substantial compliance with the provision is sufficient where the legislative purpose is served by substantial compliance and the plaintiff was not prejudiced. Both of those conditions are met here. The purpose of the notice provisions in the Vehicle Code is simply to advise a person of a violation, point to the evidence of the violation, explain the consequences if you don't pay or challenge the violation. Our notices do all of that. And of course plaintiffs here are not prejudiced. They simply don't have a defense to their red light violations. Mr. Roth has argued that under Andrews v. Foxworthy, strict compliance is required. I would note that case is from 1978. It is not the law. In fact, not only the Third District in Fehrenbacher, but also this court in a 2015 case called Scott v. City of Chicago has endorsed a substantial compliance standard and the Supreme Court has as well, including in cases that involve potentially significant deprivations of rights. One good example of that is People v. Wright from 2017. That case involved a waiver of a right to counsel and the rule the Supreme Court held required only substantial compliance. So that certainly gives light, I think, to the argument that strict compliance is required any time a potential deprivation of rights is at issue. Plaintiffs have not offered a meaningful argument that our tickets don't substantially comply with the vehicle code. At most, they are quibbling about a couple of word choices. I think the court's already gone over why evidence and admission don't have specific technical meanings, particularly given that these documents are intended for lay people and no lay person is going to read those technical readings of evidence and admission into the language of those tickets. That brings me to the mandatory directory issue. We submit that the notice of provisions at issue here are directory. And what that means is that even if our language is not compliant, that would not automatically invalidate the tickets or the decisions on the tickets. Plaintiffs would have to make a showing of prejudice, which they haven't done. Plaintiffs, in fact, I don't think dispute that, as used in the vehicle code, these are directory provisions. And in fact, it would be hard to do that in Windsoris. This court held that very similar notice provisions in Section 11-208.7 were directory. And the analysis would be the same here, we argue. However, plaintiff's argument is that because the municipal code uses the word shall in Section 9-145A and says this information required by the vehicle code shall be included in the notices, and shall elsewhere in the municipal code in Section 1-4100 is defined as mandatory, that that is sufficient to basically transform what are directory provisions in the vehicle code into mandatory provisions for purposes of the municipal code. That is a sort of a complicated slide of hand, and it does not work. It does not work for two reasons. First of all, the municipal code is simply incorporating the vehicle code requirements. And so as those are directory requirements, that incorporation by the municipal code doesn't transform those into mandatory requirements. If they're directory, they remain directory. And second, as used in the municipal code, shall is mandatory in the sense that it's non permissive. That does not mean it's not directory in the sense that violating the command would automatically invalidate the government's action with no showing of prejudice required. And this gets us into a weird and confusing quirk of Illinois law, and that is that the term mandatory does have two different meanings. The best case on this is the 2005 Supreme Court case Robinson. And in that case, the Supreme Court clarified that there are these two different meanings of mandatory. It can be non permissive, or it can mean non directory. Those are two different questions. And so even if a command uses shall, it is still directory, unless the presumption of a directory meaning is overcome, which requires that there be language preventing action in the event of non compliance or that rights would necessarily be injured by a directory reading. So here, as used in the municipal code, shall is it's non permissive, but it is still directory because there's no consequence specified for failing to comply and reading it as directory would not necessarily injure any rights. In fact, no rights here were injured. Now plaintiff argues that he has cases that say shall is defined as mandatory. He mentions cotton, puss in boots, and Andrews. There is no such case after 2005 and that is because Robinson clarified the law. And so all the plaintiff's cases predate that. And that is the law from the Illinois Supreme Court, which this court, of course, has to follow. I would also note that elsewhere in the municipal code when city council wanted to indicate that provisions were not directory, it used different language. In chapters 4-280-30 and 5-20-10, city council specified the word shall is mandatory and not merely directory. Are you close to wrapping? I am. I'm trying to talk as fast as I can. There's so much material here, but I will try to wrap it up. Because these provisions are directory in the vehicle code, because there is no showing of prejudice here, that is a third independent basis on which the court could confirm this, could affirm the judgment. And there's one more. I'll just mention it briefly. Plaintiff's only argument is that the administrative decisions on these tickets are void. That is the only claim they could make because they didn't pursue administrative review. And they don't have any argument that they were injured by the language of the tickets. So to get around that, they are arguing that these final decisions on their tickets can be challenged at any time by collateral attack because they're void. And that claim fails. A final administrative order can be challenged as void only in two circumstances. If a person violated a law that's facially unconstitutional, which makes that judgment unenforceable, or the agency or the court that issued the order lacked jurisdiction to do that. That also is black letter law from the Illinois Supreme Court, a case we rely on for that is People v. Thompson. Neither of those two circumstances exist here. Our ordinance is constitutional. There's no constitutional right to run red lights, and the city's agencies have jurisdiction to issue final dispositions of red light violations. So even if there were incorrect language on the tickets, which there is not, that has nothing to do with jurisdiction or the authority to issue dispositions on these tickets and there is no basis to challenge those as void. Plaintiffs would have had to challenge their tickets as voidable on direct review, which they did not do. And their claim fails for that reason as well. So, again, for an independent basis to affirm the judgment of the circuit court, which we request the court do. And I'm happy to answer your questions. I have one question. So Mr. Roth indicated that the standard is not substantial compliance because there is a penalty that attaches both to the violation and for failure to contest the violation, that strict compliance is required here. Can you address that? Well, I don't believe you cited the case for that. Is that your response? That's your response, you didn't cite the case for that? Okay. That's not the test for substantial compliance. The test for substantial compliance is explained in Ferenbacher and the other cases that we cite. And it doesn't say just because there's like a potential penal. Here we're talking about a fine. It's not, we're not talking about really penal consequences here. This is an administrative fee fine, but putting that aside. The test for when substantial compliance is required is when the legislative purpose is served by substantial compliance and the plan is not prejudiced. So I didn't hear anything from Mr. Roth that provided case law for some other standard. So essentially you go back to no prejudice and therefore substantial compliance is appropriate. Yeah, and I do think that the legislative purpose is important to consider. And of course, I think we've gone over that, that really the General Assembly is intending these notices be given to lay people without technical legal knowledge. That aren't going to grasp really highly esoteric legal meanings. And it's just, they need to know. It's basic due process considerations. You need to know why we think you violated the law and that you need to do something about it or you're going to lose that opportunity to contest it. Just let me ask you one other question is just because of the way you define no penalty as an administrative fee. I think if I got a fine, I think that would be a penalty. Right. I think I penalty sure, but I think to me, and now this is opposite. It's not something that I have case law, but penal does suggest something. No jail time. Is that where you are? No jail time. All right. So we are talking about, I actually don't know what the fees were, but if this is, I mean, it's not, it's, they're not huge fees for these automatic camera tickets. So if we're talking about $100 or something like that, this isn't a very significant deprivation of rights. And in fact, in Fehrenbacher and People vs. Rights, we're talking about much more significant consequences of failing, you know, that are, that are at issue. Fehrenbacher lost his job in People vs. Rights, waiver of a right to counsel. So I would submit that these are, those are more significant deprivations potentially than, you know, $100 fee for a red light violation. But again, No further questions. Okay. Mr. Roth, you may proceed. I'm not sure how much time I have left, but Probably have two or three minutes. Okay, I'll be very quick. I'll try at least. So Andrews vs. Foxworthy is still absolutely good law. And that provides that you have to have strict compliance with a statute that is designed to protect the citizen's rights or property. That is absolutely the law. It's an Illinois Supreme Court case has never been vacated in any way. In fact, it's been followed in People vs. Ramirez. In Ray Lance, these are all cases cited on page 26 of our opening brief. The city of Chicago is saying that it's not their code section, telling people, telling courts how to interpret their code is not mandatory because of the Robinson decision. But in Robinson has no application here because in Robinson, there's no provision that tells the court how to interpret a statute or ordinance. Here we have the city of Chicago expressly stating when we use the term shall that means mandatory and the mandatory directory dichotomy. And the reason there's been no further cases on it is because it's well settled why it's been decided again and again and again. And so that is that is the law. There's no further need to cite any cases and Robinson doesn't in any way vitiate those holdings because here we have an express intent from the city council as to how its code should be interpreted. So the fact that there's been no final determination here on these tickets because under the city of Chicago's own ordinance, it provides for only two circumstances where a determination constitutes a final determination for purposes of judicial review. And that is where you, you pay the ticket, or you go to an administrative hearing, or sorry where you don't pay the ticket. Number one, or where you go to an administrative hearing, and you either win or lose. So, that's that issue by the cities of red here, but I think that we've made our points I understand I'm probably out of time, and I were requesting that the trial courts order be be reversed in the case for me. Thank you both. I have to say that these were a lot of issues but you addressed each of them pretty in detail with current law and current cases so we appreciate that. We thank you both.